IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENDY GUZMAN, INDIVIDUALLY AND AS NEXT FRIEND OF T.G., A MINOR, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. H-07-03973 |
| MEMORIAL HERMANN HOSPITAL SYSTEM D/B/A MEMORIAL HERMANN SOUTHEAST HOSPITAL, | § § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This medical malpractice suit arises out of emergency room care Dr. Philip A. Haynes provided to plaintiff Wendy Guzman's minor son, T.G., at Memorial Hermann Southeast Hospital (Memorial Hermann) in February 2006. Shortly after the plaintiffs settled with Memorial Hermann, Haynes moved for leave to designate it as a responsible third party under section 33.004 of the Texas Civil Practice and Remedies Code. (Docket Entry No. 132). Guzman objected. (Docket Entry No. 133, 136). Based on a careful review, this court grants Haynes's motion for leave to designate Memorial Hermann a responsible third party. The reasons are explained below.

**I.      Background**

The events leading to this suit have been described in detail in earlier opinions and are only summarized here. (*See* Docket Entry Nos. 53, 82, 92, 114). In November 2007, Guzman sued Memorial Hermann in Texas state court, asserting a claim under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"). (Docket Entry No. 1). Memorial Hermann timely removed on the basis of federal-question jurisdiction. (*Id*.). Guzman amended her

complaint to add state-law negligence claims against Memorial Hermann and Haynes. (Docket Entry No. 14).

This court granted Memorial Hermann's motion for partial summary judgment in June 2009, dismissing Guzman's EMTALA claims. (Docket Entry No. 114). Guzman voluntarily dismissed her state-law negligence claims against Memorial Hermann in September 2009. (Docket Entry No. 122). Haynes's motion for leave to designate Memorial Hermann as a responsible third party followed. (Docket Entry No. 132).[1]

---

[1] Section 33.004 of the Texas Civil Practice & Remedies Code, amended in 2003, states:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
>
> (b) Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the assertion of cross-claims or counterclaims.
>
> (e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.
>
> (f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the motion is served.
>
> (g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
>
>> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>>
>> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

2

In his motion for leave, Haynes states that he seeks to designate Memorial Hermann as a responsible third party because "Plaintiffs' counsel and their retained expert witnesses have opined that Memorial Hermann was negligent and such negligence was a proximate cause of Plaintiffs' damages."  (*Id.* at 3).  Haynes quotes allegations about Memorial Hermann's negligence from Guzman's Second Amended Complaint.  (*Id.*).  Haynes also cites reports by Guzman's retained experts stating that Memorial Hermann "failed to meet the standard of care required of a community hospital."  (*Id*. at 4).

In her response, Guzman argues that Haynes's motion for leave to designate Memorial Hermann as a responsible third party is "fatally defective because no active party in this litigation alleges that Memorial Hermann Hospital System committed any act of malpractice or other conduct that is below the applicable standard of care."  (Docket Entry No. 133 at 1).  Guzman concedes that she made allegations that Memorial Hermann was negligent earlier in this litigation but points out that she "voluntarily nonsuited those allegations after a thorough investigation of the facts."  (*Id.*).  Guzman argues that Haynes's motion does not satisfy the section 33.001(6) definition of a "responsible third party" because the motion makes no "independent allegation of negligence"

---

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

(i) The filing or granting of a motion for leave to designate a person a responsible third party or a finding of fault against the person:

    (1) does not by itself impose liability on the person; and

    (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel or any other legal theory, to impose liability on the person.

3

against Memorial Hermann.[2] (*Id.* at 2). Guzman points to Haynes's failure to file a cross-claim against, or seek indemnity or contribution from, Memorial Hermann, arguing that if Haynes "had felt there was sufficient evidence of a deviation from a standard of care, he could have and should have filed a cross-action against Memorial." (*Id*. at 4).

## II.     The Applicable Legal Standards

Section 33.004 of the Texas Civil Practice and Remedies Code, amended in 2003, allows a defendant to designate "responsible third parties" who are not parties but whose fault will be submitted to the fact-finder. A responsible third party may include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ." TEX. CIV. PRAC. & REM. CODE § 33.011(6). The defendant may introduce evidence about the responsible third party's role in the alleged injury or damages and ask the fact-finder to consider that role in allocating fault. Responsible third parties are not limited to those who can be made parties in the traditional sense; responsible third parties may be persons or entities outside the court's jurisdiction, unable to be sued, or even unknown. *Id.* § 33.004.

To designate a responsible third party, a defendant must file a motion for leave on or before the sixtieth day before the trial date, unless the court finds good cause to allow a later filing. *Id.* § 33.004(a). The court must grant a timely filed motion for leave to designate a responsible third party unless another party files an objection on or before the fifteenth day after the motion is served. *Id.* § 33.004(f). The objecting party has the burden of showing that the defendant did not satisfy the

---

[2]     Texas Civil Practice and Remedies Code § 33.001(6) states that a responsible third party is:

> "any person who is alleged to have caused or contributed to in any way to the harm for which recover of damages is sought, whether by negligent act or omissions, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these."

4

Rule 47 requirements for an adequately pleaded complaint in its motion. *Id*. § 33.004(g).  Under Rule 47 of the Texas Rules of Civil Procedure, a pleading must contain a short statement of the cause of action sufficient to give fair notice of the claim. TEX. R. CIV. P. 47(a).

Once a person or entity is designated as a responsible third party, its responsibility for the plaintiff's injury is determined by the fact-finder unless the trial court strikes the designation or there is no legally sufficient evidence of its fault produced at trial. TEX. CIV. PRAC. & REM. CODE § 33.003(b).  A finding of fault against a designated responsible third party cannot "impose liability on the person" or entity designated and by itself has no preclusive effect. *Id.* § 33.004(e).

**III.    Analysis**

Haynes timely filed his motion to designate Memorial Hermann as a responsible third party. TEX. CIV. PRAC. & REM. CODE § 33.004(a).  Guzman's objection was also timely. *Id*. § 33.004(f). Guzman must show that Haynes did not plead sufficient facts and could not do so if granted leave to replead. *Id.* § 33.004(g); *In re United Elevator Servs. Co.*, 178 S.W.3d 53 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

In his motion, Haynes states that he seeks to designate Memorial Hermann as a responsible third party "because Plaintiffs' counsel and their retained expert witnesses have opined that Memorial Hermann was negligent and such negligence was a proximate cause of Plaintiffs' damages." (Docket Entry No. 132 at 3).  Haynes quotes Guzman's Second Amended Complaint, which lists specific allegations that Memorial Hermann was negligent. (*Id*.).  These allegations include failing to report abnormal test results and failing to have adequate laboratory policies and procedures for reporting abnormal test results. (*Id*.).  Haynes's motion also includes summaries of Guzman's retained experts' opinions that Memorial Hermann's actions were below the standard of care and contributed to cause the injuries and damages T.G. sustained.  Guzman argues that Haynes's motion does not contain an "independent allegation of negligence" against Memorial

5

Hermann and that "at this time, neither party contends that Memorial did anything wrong." (Docket Entry No. 133 at 2). According to Guzman, the previous statements by expert witnesses that Haynes cites in his motion do not constitute allegations sufficient to establish Memorial Hermann as a responsible third party. (*Id.*).

Haynes's motion for leave to designate Memorial Hermann as a responsible third party does not add to the allegations that Guzman previously made against Memorial Hermann. By including these allegations in his motion, Haynes meets the requirement for designating a responsible third party. Haynes has set out specific allegations of negligence against Memorial Hermann as well as expert witness opinions supporting these allegations. That is sufficient. *See Muniz*, 2007 U.S. Dist. LEXIS 26811, at *11 (finding that the defendant's motion to designate a responsible third party was sufficient in alleging that the defendant alleged that the third party owed the plaintiff "a duty of care which [the third party] breached, proximately causing [plaintiff's] injuries"); *Cortez*, 2007 U.S. Dist. LEXIS 7986, at *9 (finding that motion to designate a responsible third party was sufficient in alleging that the plaintiff was injured while working for the third party, other employees of the third party were involved in the injury, the third party failed adequately to instruct the plaintiff, and the third party was responsible for all or a proportionate part of the plaintiff's injuries); *Bueno*, 2005 U.S. Dist. LEXIS 4210, at *8 (finding the defendant's motion to designate a responsible third party sufficient in alleging several specific acts that constituted negligence and proximately caused the plaintiff's injuries).

Guzman's argument also fails to take into account the broad definition of "responsible third party" as "any person who is alleged to have caused or contributed to causing in any way the harm for which damages is sought." TEX. CIV. PRAC. & REM. CODE § 33.011(6). While Guzman dismissed her allegations against Memorial Hermann, Haynes renewed them in his motion, alleging

6

that Memorial Hermann caused or contributed to causing the harm to Guzman's son. (Docket Entry No. 132).

Haynes's motion properly designates Memorial Hermann as a responsible third party.

**IV.     Conclusion**

The motion for leave to designate Memorial Hermann as a responsible third party is GRANTED.

SIGNED on October 27, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge