IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

| | | |
|---|---|---|
| WENDY GUZMAN, INDIVIDUALLY AND AS NEXT FRIEND OF T. G., A MINOR | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:07-CV-3973 |
| MEMORIAL HERMANN HOSPITAL SYSTEM D/B/A MEMORIAL HERMANN SOUTHEAST HOSPITAL | § § § § | |

**PHILIP HAYNES, M.D., PH.D. AND MEMORIAL SOUTHEAST EMERGENCY PHYSICIANS, LLP'S MOTION TO DISQUALIFY DR. JOSEPH VARON**

COME NOW, PHILIP HAYNES, M.D., PH.D. and MEMORIAL SOUTHEAST EMERGENCY PHYSICIANS, LLP, Defendants in the above-referenced cause, and file this Motion to Disqualify Dr. Joseph Varon as an expert witness on the standard of medical care owed by an emergency physician and would respectfully show the following:

## I.
## BACKGROUND

Plaintiffs filed this medical malpractice lawsuit against Dr. Philip Haynes, M.D., Ph.D, Memorial Southeast Emergency Physicians, LLP and other healthcare providers as a result of the care and treatment rendered by an emergency medicine physician, Dr. Haynes, to T.G. on February 12, 2006. Dr. Haynes treated T.G. in the emergency department at Memorial Hermann Southeast Hospital for symptoms that were consistent with his provisional diagnosis of viral syndrome, nausea and vomiting.

This case involves the standard of medical care owed by Dr. Haynes, an emergency physician. Plaintiffs have taken the unsubstantiated position that Dr. Varon is qualified to offer opinions on the standard of care owed by a physician such as Dr. Haynes. Since Dr. Varon is not

qualified to offer such opinions, the Defendants request the Court disqualify Dr. Varon from offering any opinions on the standard of care owed by an emergency physician.

## II.
## APPLICABLE LAW

Defendants object to Dr. Varon offering any expert medical opinions on the standard of care owed by an emergency physician. Dr. Varon is not qualified to offer opinions as to the standard of care owed by an emergency physician and must be disqualified as an expert in this area pursuant to TEX. CIV. PRAC. & REM. CODE §74.401. Section 74.401 provides:

> (a) In a suit involving a health care liability claim against a physician for injury to or death of a patient, a person may qualify as an expert witness on the issue of whether the physician departed from accepted standards of medical care only if the person is a physician who:
>
> (1) is practicing medicine at the time such testimony is given or was practicing medicine at the time the claim arose;
>
> (2) has knowledge of accepted standards of medical care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim; and
>
> (3) is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of medical care.
>
> (c) In determining whether a witness is qualified on the basis of training or experience, the court shall consider whether, at the time the claim arose or at the time the testimony is given, the witness:
>
> (1) is board certified or has other substantial training or experience in an area of medical practice relevant to the claim; and
>
> (2) is actively practicing medicine in rendering medical care services relevant to the claim.

TEX. CIV. PRAC. & REM. CODE §74.401 (b) and (c).

Whether a witness is qualified to offer expert testimony is within the trial court's discretion. *Broders v. Heise*, 924 S.W.2d 148 (Tex. 1996). The proponent of expert testimony

has the burden to show that the expert "possesses special knowledge as to the very matter on which he proposes to give an opinion." *Id.* at 152-153. "[G]iven the increasingly specialized and technical nature of medicine, there is no validity, if there ever was, to the notion that every licensed medical doctor should be automatically qualified to testify as an expert on every medical question." *Id.* at 152.

## III.
## ARGUMENT AND AUTHORITY

Plaintiffs claim that Dr. Haynes breached the standard of care while treating Tristan Guzman on February 12, 2006. Plaintiffs retained Dr. Joseph Varon, an internal medicine physician, to opine on the standard of care required by Dr. Haynes, an emergency physician. However, Dr. Varon fails to meet the requisite criteria necessary to testify as an expert as he is not a practicing emergency physician. As such, he must be precluded from testifying as an expert in the area of emergency medicine.

The Plaintiffs bear the burden of showing that Dr. Varon meets the requirements of Texas Civil Practice and Remedies Code §74.401(a) and (c) before Dr. Varon can be permitted to offer expert opinions regarding the accepted standard of care required by an emergency physician. In determining whether a witness is qualified on the basis of training or experience, the Court should consider whether the witness is actively practicing medicine in rendering medical care services relevant to the claim. *See* TEX. CIV. PRAC. & REM. CODE §74.401(c)(2). Dr. Varon has not practiced emergency medicine in the United States since 2001. Please see the Deposition of Dr. Varon page 53, lines 19-23 marked as Exhibit "A". Dr. Varon also admitted at the time of his deposition that he did not have a residence in Emergency medicine, is not board certified in emergency medicine and is not a fellow in any groups specifically specializing in emergency medicine. Please see the Deposition of Dr. Varon page 50, lines 4-6, page 41, lines 12-13 and

page 55, lines 20-22 marked as Exhibit "A".

Plaintiffs have failed to show that Dr. Varon meets the requirements set forth in Texas Civil Practice and Remedies Code §74.401. Dr. Varon, therefore, must not be permitted to testify as an expert witness in the field of emergency medicine.

## IV.
## CONCLUSION

Dr. Varon is not qualified to offer opinions on the standard of care owed by an emergency physician. Both Dr. Varon's deposition testimony and his expert reports demonstrate that he is not qualified to offer expert opinions as to the standard of care owed by an emergency physician. Defendants objects to Dr. Varon's testimony as it relates to the standard of care owed by Dr. Haynes, and request that Dr. Varon be disqualified as an expert witness on the standard of care owed by an emergency physician.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that this Court grant its Motion to Disqualify Joseph Varon, M.D. as an expert witness in the field of emergency medicine, exclude this witness from giving any opinions regarding appropriate treatment or the standard of care owed by an emergency physician, and for such other and further relief as the Court deems necessary.

Respectfully submitted,

**HENKE LAW FIRM, LLP**

By: /s/ Charles C. Brennig III
CHARLES C. BRENNIG III
CBrennig@HenkeLawFirm.com
State Bar No. 00783719
Federal Admit No. 15325
3200 Southwest Freeway
34th Floor
Houston, Texas 77027
Telephone: (713) 940-4500
Facsimile: (713) 940-4545

**ATTORNEYS FOR DEFENDANTS
PHILIP HAYNES, M.D., Ph.D. and
MEMORIAL SOUTHEAST
EMERGENCY PHYSICIANS, LLP**

## CERTIFICATE OF SERVICE

This is to certify that on November 11, 2009, a true and correct copy of the foregoing instrument was forwarded to all counsel of record pursuant to Federal Rule of Civil Procedure 5.

Phillip A. Pfeifer
Phillip A. Pfeifer, P.C.
5216 Jackson Street
Houston, Texas 77004

/s/ Charles C. Brennig III
CHARLES BRENNIG III