IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WENDY GUZMAN, INDIVIDUALLY AND AS NEXT FRIEND OF T.G., A MINOR, | § § § § |
| Plaintiffs, | § § |
| v. | §   CIVIL ACTION NO. H-07-03973 |
| | § |
| MEMORIAL HERMANN HOSPITAL SYSTEM D/B/A MEMORIAL HERMANN SOUTHEAST HOSPITAL, *et al.*, | § § § § |
| Defendants. | § § |

**MEMORANDUM AND ORDER**

This medical malpractice suit is in federal court after removal based on a federal statutory claim against the hospital. The case arises out of emergency-room care Dr. Philip A. Haynes provided to plaintiff Wendy Guzman's minor son, T.G., at Memorial Hermann Southeast Hospital (Memorial Hermann) in February 2006. Guzman had sued Memorial Hermann under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. This court granted summary judgment on those claims and Guzman then voluntarily dismissed Memorial Hermann as a defendant. After the dismissal, the defendants moved to designate Memorial Hermann as a responsible third party under Texas Civil Practice and Remedies Code § 33.004. After this court granted the motion, Guzman then moved for leave to file an amended complaint to rejoin Memorial Hermann as a party under § 33.004 and sought a continuance of the December 2, 2009 trial setting. The defendants had previously moved to extend the deadline to file *Daubert* motions to challenge the admissibility of Guzman's expert testimony.

Both Guzman's and the defendants' motions raise the prospect of delay and of new claims and issues that this court has not yet considered. These developments required this court to consider

carefully again whether, given the dismissal of the federal-law claim that provided federal removal jurisdiction, the case should remain in federal court. This court held a hearing at which the parties agreed that remand was appropriate, given the absence of any federal claim and the amount of work to be done to resolve the state-law issues in the case. Guzman then moved for an entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure to appeal this court's dismissal of Guzman's claims under EMTALA and the dismissal of Emergency Consultants, Inc. (ECI) for lack of personal jurisdiction.

Considering the record, the applicable law, and the arguments of counsel, this court grants Guzman's motion for leave to amend to join Memorial Hermann as a defendant, remands the state-law claims to the 113th Judicial District Court of Harris County, Texas, and denies in part as moot and grants in part Guzman's motion for final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Given the remand, the remaining pending motions are not reached so that they may be decided in state court.[1]

**I.   Background**

The events leading to this suit have been described in detail in earlier opinions and are only summarized here. In November 2007, Guzman sued Memorial Hermann in Texas state court, asserting a claim under EMTALA, 42 U.S.C. § 1395dd. Memorial Hermann timely removed on the basis of federal-question jurisdiction. Guzman amended her complaint to assert state-law negligence claims against Memorial Hermann, Haynes, Memorial Southeast Emergency Physicians, LLP (MSEP), and ECI. (Docket Entry No. 14).

In May 2008, Haynes and Memorial Hospital filed motions challenging Guzman's expert, Dr. Joseph Varon. (Docket Entry Nos. 20, 21). Guzman responded. (Docket Entry No. 40). In

---

[1] Guzman's motion for a continuance of the December 2, 2009 trial setting, (Docket Entry No. 142), is denied as moot.

2

June 2008, ECI filed a motion to dismiss the claims against it, asserting that this court lacked personal jurisdiction, the statute of limitations barred the claims, and the single business enterprise theory was not recognized by Texas law. (Docket Entry No. 27). This court granted ECI's motion to dismiss for lack of personal jurisdiction and denied Haynes's and Memorial Hermann's motions challenging Dr. Varon's expert report. (Docket Entry No. 53).[2]

In December 2008, Guzman filed a motion for partial summary judgment that the wilful and wanton negligence standard in Texas Civil Practice and Remedies Code § 74.153 did not apply or, if it did apply, violated due process under the Fourteenth Amendment because the standard was vague. (Docket Entry No. 52). This court granted Guzman's motion for partial summary judgment, holding that the wilful and wanton negligence standard was inapplicable and that there was no basis to find the standard unconstitutionally vague. (Docket Entry No. 92).

While Guzman's motion for partial summary judgment was pending, she filed a motion to compel discovery of certain Memorial Hermann documents, including peer-review documents related to T.G., documents related to other patients with similar symptoms, and documents related to physician-practice guidelines. (Docket Entry No. 73). In response, Memorial Hermann filed for a protective order to prevent disclosure of the information. (Docket Entry Nos. 74, 75). This court resolved the discoverability of the patient files and the practice guidelines, denying Guzman's motion to compel and granting Memorial Hermann's motion for a protective order in a written opinion issued on February 20, 2009. (Docket Entry No. 82).

On March 18, 2009, Guzman filed a second amended complaint. (Docket Entry No. 90). Memorial Hermann filed a motion for partial summary judgment on Guzman's EMTALA claim. (Docket Entry No. 95). In June 2009, this court granted Memorial Hermann's motion for partial

---

[2] Guzman appealed ECI's dismissal to the Fifth Circuit Court of Appeals. (Docket Entry No. 58). The court dismissed for lack of jurisdiction. (Docket Entry No. 87).

summary judgment, dismissing Guzman's EMTALA claim. (Docket Entry No. 114). Guzman voluntarily dismissed the state-law negligence claims against Memorial Hermann in September 2009. (Docket Entry No. 122). Under a previously issued scheduling and docket control order, the cutoff to file *Daubert* motions was August 24, 2009 and the trial was set for December 2, 2009. (Docket Entry No. 117).

On September 21, 2009, Haynes and MSEP moved to extend the time to file *Daubert* motions.[3] (Docket Entry No. 126). If granted, the motion would likely require postponing the December 2, 2009 trial setting. Haynes also filed a motion to designate Memorial Hermann as a responsible third party under § 33.004 of the Texas Civil Practice and Remedies Code. (Docket Entry No. 132). In September 2009, this court granted Haynes's motion to designate Memorial Hermann as a responsible third party under the Texas statute. (Docket Entry No. 140). Guzman, who had opposed the defendants' motion to extend the time to file *Daubert* motions in part because of the December trial setting, (Docket Entry No. 134), then moved for leave to file an amended complaint to name Memorial Hermann as a defendant under the Texas statute, a motion for continuance of the December 2009 trial setting, and a motion for a protective order, (Docket Entry Nos. 141–43). Haynes opposed the motion to amend and the request for a continuance, (Docket Entry No. 147), and filed a motion for leave to file an amended answer, (Docket Entry No. 148). This court held a hearing on November 4, 2009, to consider the outstanding motions.

At the hearing, Guzman did not object to the remand. Guzman did move to have the EMTALA and personal jurisdiction rulings made final under Rule 54(b) of the Federal Rules of Civil Procedure to enable direct appeal to the Fifth Circuit. (Docket Entry No. 151). Haynes did

---

[3] Haynes and MSEP also filed a motion to compel the oral deposition of Wendy Guzman (Docket Entry No. 124). This court granted the motion to take Guzman's deposition with certain limits. (Docket Entry No. 130).

4

not object to the remand. Haynes did object to this court's decision to join Memorial Hermann as a defendant before remanding the case. Haynes did not address Guzman's request for a Rule 54(b) order directing entry of judgment as to the summary judgment dismissing the EMTALA claim and the ruling dismissing ECI for lack of personal jurisdiction. (Docket Entry No. 155).

## II. Guzman's Motion for Leave to File an Amended Complaint Under § 33.004

### A. The Applicable Legal Standards

Section 33.004 of the Texas Civil Practice and Remedies Code, amended in 2003, allows a defendant to designate "responsible third parties" who are not joined as parties but whose fault the fact-finder can consider. A responsible third party may include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ." TEX. CIV. PRAC. & REM. CODE § 33.011(6). Once the responsible third party is designated, the defendant may introduce evidence about the responsible third party's role in the alleged injury or damages and ask the fact finder to consider that role in allocating fault. Responsible third parties are not limited to those who can be made parties in the traditional sense; responsible third parties may be persons or entities outside the court's jurisdiction, unable to be sued, or even unknown. *See id.* § 33.004; *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Under the statute, the court must grant a timely motion for leave to designate a responsible third party unless another party timely objects and shows that "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." *Id.* § 33.004(g). Under Rule 47 of the Texas Rules of Civil Procedure, a pleading must contain "a short statement of the cause of action sufficient to give fair notice of the claim." TEX. R. CIV. P. 47(a). If the court grants leave to designate a responsible third party, the plaintiff has the option of joining the responsible third party as a defendant. *See* TEX. CIV.

5

PRAC. & REM. CODE § 33.004(e) ("If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party."); *Davis v. Dallas County, Tex.*, 541 F. Supp. 2d 844, 857 (N.D. Tex. 2008) (rejecting a motion to dismiss on the basis of statute of limitations when the plaintiffs filed an amended complaint joining the responsible third party and cited § 33.004(e) as the authority for joinder); *Dumas v. Walgreens Co.*, 3:05-CV-2290-D, 2007 WL 465219, at *1 (N.D. Tex. Feb. 13, 2007) (permitting joinder even though it destroyed diversity and resulted in remand to state court and observing that "[o]nce [the defendant] relied on Tex. Civ. Prac. & Rem. Code Ann. § 33.004 to designate [a responsible third party], plaintiffs became entitled under § 33.004(e) to seek to join her as a party"); *Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 709 n.22 (S.D. Tex. 2006) ("Under Section 33.004(e), the plaintiff has a sixty-day window following the responsible third party designation during which it may join the newly designated party and assert claims against that party regardless of the statute of limitations."); *Flack v. Hanke*, --- S.W.3d ----, 2009 WL 1464144, at *5 (Tex. App.—San Antonio 2009, no pet.) ("After a defendant designates an RTP, section 33.004(e) allows the plaintiff to join the RTPs, regardless of limitations." (emphasis omitted)); *Moreno v. Palomino-Hernandez*, 269 S.W.3d 236, 243 (Tex. App.—El Paso 2008, pet. filed) ("[I]t is apparent that the purpose of [§ 33.004(e)] is to permit a plaintiff to join as a defendant a person designated as a responsible third party by another defendant."). The motion to join must be filed within sixty days after the court designates the responsible third party. TEX. CIV. PRAC. & REM. CODE § 33.004(e).

Even if the responsible third party is not joined as a defendant, the responsible third party's fault for the plaintiff's injury is determined by the fact-finder unless the trial court strikes the designation or concludes that there is no legally sufficient evidence of its fault produced at trial. *Id.*

§ 33.003(b). A finding of fault against a designated responsible third party cannot impose liability on the responsible third party and by itself has no preclusive effect. *Id.* § 33.004(i).

**B.     Analysis**

This court granted Haynes's motion to designate Memorial Hermann as a responsible third party on October 27, 2009. (Docket Entry No. 140). Guzman moved under Texas Civil Practice and Remedies Code § 33.004(e) to join Memorial Hermann as a party on October 29, 2009. (Docket Entry No. 141). Haynes opposed the motion, arguing that in the federal cases applying § 33.004, the courts have held that there is no conflict between Rule 14 of the Federal Rules of Civil Procedure and § 33.004 because the responsible third parties were merely designated and not joined. (Docket Entry No. 147 at 2) (citing *Muniz v. T.K. Stanley, Inc.*, No. L-06-cv-126, 2007 WL 1100466, at *2–3 (S.D. Tex. Apr. 11, 2007)*; Cortez v. Frank's Casing Crew & Rental Tools*, No. V-05-125, 2007 WL 419371, at *2 (S.D. Tex. Feb. 2, 2007); and *Bueno v. Cott Beverages, Inc.*, No. SA04CA24XR, 2005 WL 647026, at *3 (W.D. Tex. Feb. 8, 2005)). Haynes argued that because Guzman is now seeking to join Memorial Hermann as a defendant, Federal Rule 14 conflicts with the state statute. Haynes also argued that he will suffer prejudice if joinder is permitted because that would require continuing the December 2, 2009 trial setting. Haynes did not address the fact that he had asked for additional time to file *Daubert* motions, which Guzman had opposed in part because the result would likely be a continuance of the trial date.

Haynes's arguments merely underscore the fact that since the dismissal of the EMTALA claim, the only issues in this case arise under state law. Haynes's arguments also fail to take into account that he was the party who invoked the state statutory mechanism to designate Memorial Hermann as a responsible third party. That same state statute allows Guzman to add the hospital as a party if it is designated as a responsible third party. District courts in this circuit have permitted joinder of a responsible third party following designation. *See Davis v. Dallas County, Tex.*, 541

7

F. Supp. 2d 844, 857 (N.D. Tex. 2008) (rejecting a motion to dismiss on the basis of statute of limitations when the plaintiffs filed an amended complaint joining the responsible third party and cited § 33.004(e) as the authority for joinder); *Dumas v. Walgreens Co.*, 3:05-CV-2290-D, 2007 WL 465219, at *1 (N.D. Tex. Feb. 13, 2007) (permitting joinder even though it destroyed diversity and resulted in a remand of the case to state court). Although these cases do not explicitly consider the Rule 14 argument Haynes asserts, the court in *Davis v. Dallas County, Texas* rejected the argument that joinder under § 33.004 conflicted with federal law because the party "ha[d] not shown that applying § 33.004(e) in the present context actually conflicts with any Federal Rule of Civil Procedure, including a joinder rule." 541 F. Supp. 2d at 857. These courts recognized that under the Texas responsible-third-party statute, the plaintiff could join the designated third party, even in federal court.

In addition, Rule 14 by its terms does not appear to apply here. Rule 14 deals with when a defending party may bring in a third party, FED. R. CIV. P. 14(a), when a plaintiff may bring in a third party if a claim is asserted against the plaintiff, *id.* at Rule 14(b), and when a third party may be joined in an admiralty or maritime claim, *id.* at Rule 14(c). In this case, it is the plaintiff who is seeking to join the third party, not the defendant, and no claim has been asserted against the plaintiff. In this case, Rule 14 does not appear to conflict with Texas Civil Practice and Remedies Code § 33.004. Forbidding Guzman to join Memorial Hermann following its designation as a responsible third party would lead to the untenable result of applying only part of Texas's statutory responsible-third-party scheme.

Haynes's argument that he will suffer prejudice if Guzman is allowed to amend to join Memorial Hermann as a party because that will lead to a trial continuance similarly fails. That argument again fails to recognize that it was Haynes who invoked the Texas statute that led to the

8

continuance and also fails to recognize that Haynes had moved for an extension of time to file *Daubert* motions, which would likely have led to a continuance of the trial setting.

Haynes argues in his objections to Guzman's motion for a Rule 54(b) order that this court should refrain from deciding whether to rejoin Memorial Hermann as a party under § 33.004. (Docket Entry No. 154). Haynes argues that the issue has been preserved and should be ruled on in the state trial court. Haynes's argument fails to recognize that the rejoinder of Memorial Hermann bears heavily on the question of whether this court should continue to exercise supplemental jurisdiction over Guzman's state-law claims. Haynes's argument also fails to present a basis for denying Guzman's motion to add Memorial Hermann as a party under the Texas statute. Accordingly, this court grants Guzman's motion to join Memorial Hermann as a party.

## III. Remanding the Remaining State-Law Claims

### A. The Applicable Legal Standards

"The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute . . . ." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009), *cert. denied*, 129 S. Ct. 2865 (2009). A court considers the factors under 28 U.S.C. § 1367(c), which gives a district court discretion to decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[T]he decision as to whether to retain the pendent claims lies within the sound discretion of the district court."); *see Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to*

9

*Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) ("In consideration of [the § 1367] factors, we have stated that it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case." (citing *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) and *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).

A court is "guided by the statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc*, 554 F.3d at 602. Judicial economy weighs in favor of retaining jurisdiction if the court has invested "a significant amount of judicial resources in the litigation" as measured by, among others, the length of time the litigation has been pending in federal court, the volume of record produced, the number of motions filed and considered, the completion of discovery, and the proximity of trial. *See id.* at 602–03 (collecting cases); *see also Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008) (considering the trial court's "substantial familiarity with the merits of the case" and that the claims were fully developed and ripe to hold that the district court did not abuse its discretion in retaining jurisdiction over state claims (quoting *Parker & Parsley Petroleum Co.*, 972 F.2d at 587)).

**B.    Analysis**

This case meets the criteria for remand under 28 U.S.C. § 1367(c) because "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The factors the court is directed to consider—judicial economy, convenience, fairness, and comity—support remand, despite the fact that the parties and this court have invested substantial time and resources in this litigation. The fact that Memorial Hermann is added as a designated responsible third party and as a party; Haynes's stated intent to challenge the admissibility of Guzman's expert witnesses; and Haynes's motion to amend his answer to add a new defense all show that there remains a significant amount of work to be done before this case is ready for trial.

10

The issues that remain to be decided are not the issues that this court has previously considered. Despite the fact that this court has ruled on a number of motions in this case, the state-law claims and defenses that remain for discovery and trial do not raise the same issues that this court decided. As a result, the state court will not be required to duplicate or repeat work that has already been done by this court. *Cf. Brookshire Bros. Holding, Inc.*, 554 F.3d at 598 (holding that the district court abused its discretion in remanding when "[t]he litigation in federal court lasted more than three years [and] generat[ed] more than 1,300 entries in the district court docket"; the "district court decided forty-one dispositive motions, fourteen *Daubert* motions, and seven other motions *in limine*"; and "[d]iscovery had closed and the parties were making final preparations for trial").

Because the factors appropriately considered do not provide a reason to retain jurisdiction, this court will follow the "general rule" that it "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Id.* at 602. The remaining state-law claims are remanded to state court.

**IV.     Guzman's Motion under Rule 54(b)**

    **A.     The Applicable Legal Standards**

Guzman has asked this court to enter final judgment on the EMTALA claim against Memorial Hermann and the dismissal of the claims against ECI for lack of personal jurisdiction. Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b).

Rule 54(b) permits appeal from certain district court orders before the resolution of every issue in a case. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980); *see also Fields*

11

*v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 128980, at *1 (E.D. La. March 19, 1998), *aff'd on other grounds*, 182 F.3d 353 (5th Cir. 1999). A court may direct entry of final judgment under Rule 54(b) if more than one claim for relief is presented or multiple parties are involved in an action. *Samaad v. City of Dallas*, 940 F.2d 925, 929 (5th Cir. 1991).

Before granting a Rule 54(b) motion, a district court must make two independent findings. *Waldorf v. Shuta*, 142 F.3d 601, 608 (3d Cir. 1998). First, the court must find that the judgment sought is final as "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, the court must find that there is no just reason for delay in entering the final judgment. *Id.* at 8. This second inquiry requires the court to "take into account judicial administrative interests as well as the equities involved." *Id.* Rule 54(b) "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'" *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

**B.     Analysis**

This case involved multiple claims and multiple parties. *See Samaad*, 940 F.2d at 929. Guzman seeks an order directing the entry of final judgment under Rule 54(b) as to the summary judgment dismissing the EMTALA claim against Memorial Hermann and the Rule 12(b)(2) dismissal of the claims against ECI for lack of personal jurisdiction. But at least as to the dismissal of the EMTALA claim, a Rule 54(b) order is not necessary for a direct appeal to the Fifth Circuit after the remand of the remaining issues. The Fifth Circuit has recognized that remand of a case to state court is a "final decision that allow[s] review of that part of the case which the district court decided." *Morris v. TE Marine Corp.*, 344 F.3d 439, 445 (5th Cir. 2003).

In *Morris v. TE Marine Corp.*, the defendants removed the case to federal district court on the basis of federal-question jurisdiction. *Id.* at 442. Following removal, one defendant moved for summary judgment that the claims were barred by the applicable statute of limitations. *Id.* The district court agreed and dismissed that party. *Id.* Following that ruling, the plaintiff moved to remand the case to state court. *Id.* The remaining defendant did not object. *Id.* The remaining defendant settled, and the state trial court dismissed the remaining claims. *Id.* At that time, the plaintiff appealed the federal summary judgment to a Louisiana state appellate court. *Id.* The summary judgment defendant removed the case for a second time, and the district judge denied the plaintiff's motion for remand. *Id.* The district court instead again entered judgment in favor of the defendant and dismissed the plaintiff's claims as time-barred. *Id.* The plaintiff appealed to the Fifth Circuit. *Id.*

The Fifth Circuit considered whether it had jurisdiction to hear the appeal. *Id.* at 444. The court acknowledged that the plaintiff could not have appealed the summary judgment when it was entered because another defendant remained in the suit. *Id.* (citing FED. R. CIV. P. 54(b)). The court also noted that the decision to remand was not subject to review. *Id.* (citing 28 U.S.C. § 1447(d)). The court held that when the first remand order issued, the plaintiff could have appealed the federal district court's earlier grant of summary judgment by filing a notice of appeal in the federal court within thirty days of the entry of the remand order. *Id.* at 445. Because the plaintiff had not filed a notice of appeal until after the second removal, the appeal was untimely. *Id.* The appellate court affirmed the order dismissing the plaintiff's claims. *Id.*

Similarly, in *Hyde Park Co. v. Santa Fe City Counsel*, the court noted that "[f]ederal appeals courts have consistently held . . . that they have jurisdiction to review a district court order dismissing federal claims on the merits where the district court subsequently exercised its discretion under § 1367 to remand supplemental state law claims to state court. Otherwise, a district court's

13

order dismissing federal claims in such a situation would be effectively unreviewable." 226 F.3d 1207, 1209 n.1 (10th Cir. 2000) (citations omitted). Rule 54(b) is not necessary to provide appellate jurisdiction over such district court orders. In *Anderson v. Allstate Ins. Co.*, the appellate court held that the district court rulings dismissing claims against only some defendants became appealable as a final judgment when "the district court dismissed the federal claim as to the remaining defendants and remanded the state claims to state court," without the need for a Rule 54(b) order. 630 F.2d 677, 680 (9th Cir. 1980); *see also Trujillo v. Hise*, No. Civ. 04-cv-01873REBO, 2006 WL 18590 (D. Colo. Jan 4. 2006) (holding that following a remand of state-law claims under 28 U.S.C. § 1367(c), the district court's earlier grant of summary judgment on the plaintiff's federal claims became a final, appealable order and denying as moot the defendants' motion for final judgment under Rule 54(b) (citing, among others, *Morris*, 344 F.3d at 445)).

Memorial Hermann prevailed on summary judgment on the EMTALA claim, just as the defendant in *Morris* prevailed on its summary judgment motion. Both cases were remanded to state court without objection. As in *Morris,* Guzman may appeal the dismissal of the EMTALA claim in this federal case with no need for a Rule 54(b) order. Guzman need only follow the proper procedure for appealing a final judgment.

Guzman also seeks entry of judgment under Rule 54(b) on the district court's dismissal of ECI for lack of personal jurisdiction. It is not as clear that *Morris* applies to district court rulings dismissing a party for lack of personal jurisdiction. The *Morris* court, although concerned in part with the appealability of the remand order itself, upheld review of an order that "will have the preclusive effect of being functionally unreviewable in state court." *Morris*, 344 F.3d at 445 (quoting *First Nat'l Bank v. Genina Marine Servs., Inc.*, 136 F.3d 391, 394 (5th Cir. 1998)). The court noted that it was "absurd to suppose that the proper forum for [the plaintiff] to appeal a federal

14

district court's summary judgment order is the [] *state* appellate court." *Id.* The Fifth Circuit has not addressed, however, whether a district court ruling on personal jurisdiction dismissing state-law claims against an out-of-state defendant, made before remand, is reviewable in the state court after remand. If it is a final order and not reviewable in the state court after remand, the order is appealable without the need for a Rule 54(b) order. But the precedents are not clear. *Cf. Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 993 (9th Cir. 2004) (holding that the appeals court lacked direct appellate jurisdiction when a district court dismissed a party for lack of personal jurisdiction and then remanded the remaining parties to state court for lack of subject-matter jurisdiction); *Falcon v. Transportes Aeros de Coahuila, S.A.*, 169 F.3d 309, 312–13 (5th Cir. 1999) (holding that a district court's order finding personal jurisdiction over a defendant, issued simultaneously with an order remanding the case to state court for lack of subject-matter jurisdiction, had no preclusive effect in subsequent state-court litigation but distinguishing when a district court dismisses for lack of personal jurisdiction); *Lops v. Lops*, 140 F.3d 927, 937–42 (11th Cir. 1998) (holding that a Georgia state court's ruling that it lacked personal jurisdiction and transfer of the case to a state court in South Carolina did not preclude a federal district court in Georgia from ruling on personal jurisdiction because the state court's transfer order was not a final judgment under Georgia law). Because the Fifth Circuit's precedent is not directly on point, this court will consider whether, in the alternative, Guzman meets the standard for a Rule 54(b) entry of judgment as to the dismissal of ECI for lack of personal jurisdiction.

Rule 54(b) judgments are frequently entered in the context of personal jurisdiction rulings. *See Animale Group, Inc. v. Sunny's Perfume, Inc.*, No. 5:07-cv-13, 2007 WL 2010476, at *1 (S.D. Tex. July 5, 2007) (granting a Rule 54(b) motion after dismissing two defendants for lack of personal jurisdiction and noting that "[o]ne would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction"). In this

15

case, the personal jurisdiction ruling disposed of all claims against one party—ECI. *See* FED. R. CIV. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . ."). Granting Guzman's Rule 54(b) as to the order dismissing ECI for lack of personal jurisdiction will not promote "piecemeal appeals." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)). Because the remand of the remaining state claims has terminated the federal proceedings, there are no more "pieces" to be appealed to a federal court at a later time. Granting the Rule 54(b) motion promotes judicial economy, allowing the appeals court to consider both the EMTALA and personal jurisdiction claims together. Because this court finds that "there is no just reason for delay," Guzman's motion for the entry of final judgment on the personal jurisdiction ruling in favor of ECI is granted under Rule 54(b). Guzman's motion for the entry of final judgment on the ruling dismissing the EMTALA claim is denied as moot; that ruling is appealable when the remand order is entered.

**V.     Conclusion**

Guzman's motion for leave to file an amended complaint to add Memorial Hermann as a party is granted. Guzman's motion for entry of final judgment under Rule 54(b) is denied as moot as to the EMTALA claim and granted as to the dismissal of ECI for lack of personal jurisdiction. The case is remanded to the 113th Judicial District Court of Harris County, Texas. The remaining pending motions are denied without prejudice so that they may be decided by the state court that will preside over this case.

SIGNED on November 12, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge